| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| ALEX MELVIN WADE, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:11-CV-608 |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Defendant. § | |

# MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Alex Melvin Wade, Jr., a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se,* filed this civil rights action against the Director of TDCJ-CID.

The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the complaint pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit. Plaintiff contends the defendant decreased the recreation area

at the Stiles Unit, in violation of the consent decree issued in *Ruiz v. Estelle*, 503 F.Supp. 1265 (S.D. Tex. 1980), *aff'd in part, rev'd in part,* 679 F.2d 1115 (5th Cir. 1982), *amended in part, vacated in part*, 688 F.2d 266 (1982), *cert. denied*, 460 U.S. 1042 (1983). The magistrate judge correctly found that violations of a remedial decree do not serve as a substantive basis for a civil rights claim. *Woods v. Edwards,* 51 F.3d 577, 582 (5th Cir. 1995). In response, plaintiff argues that this is a contempt proceeding, not an independent civil action. Most provisions of the consent decree have been terminated, and there are no longer provisions in effect concerning the size of recreation areas in Texas prisons. *Ruiz v. Johnson*, 154 F.Supp.2d 975 (S.D. Tex. 2001). The defendant cannot be in contempt for failing to comply with a court order that is no longer in effect.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 11th day of January, 2012.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE